IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN JAMES THOMAS,

                      Plaintiff,

  v.                                                    OPINION and ORDER

OXFORD PRISON,                               25-cv-854-jdp

                      Defendant.

---

Plaintiff Allen James Thomas was formerly incarcerated at FCI-Oxford and is now apparently released. Thomas alleges that prison staff has his legal papers but will not turn them over even though Thomas has repeatedly asked for them. Thomas seeks return of his legal papers so he "can continue in state and federal court." Dkt. 1 at 4. Thomas is proceeding without counsel.

Thomas is also proceeding without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim, but I will give Thomas one chance to amend the complaint to fix the problems identified in this order.

I take Thomas to bring a claim for injunctive relief based on denial of his right of access to the courts directly under 28 U.S.C. § 1331. This claim has two problems.

First, Thomas named FCI-Oxford as the defendant. But the proper defendant would be FCI-Oxford's warden, E. Emmerich, because he would be "responsible for ensuring that any injunctive relief is carried out." *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (per curiam); *Tolentino v. Baker*, 679 F. App'x 503, 504 (7th Cir. 2017). I cannot allow Thomas to proceed against FCI-Oxford itself.

The second problem is more substantive. Bare assertions of a constitutional violation aren't enough to proceed under § 1331 on a claim for injunctive relief. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231–32 (10th Cir. 2005). Thomas must state a claim upon which relief may be granted. *See id.* at 1232.

Both free and incarcerated individuals have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). To state a right-of-access claim, Thomas must plausibly allege must that prison officials have hindered his efforts to pursue a nonfrivolous legal claim and that he has suffered some actual concrete injury as a result, "such as the inability to meet a filing deadline or to present a claim." *See Lewis*, 518 U.S. at 348; *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). The impeded claim "must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012).

Thomas alleges that he needs his legal papers to continue in state and federal court, but he has not described a nonfrivolous legal claim that the absence of his legal papers has stopped him from pursuing. Nor has Thomas described any concrete injury caused by prison officials' failure to turn over his legal papers. I will not allow Thomas to proceed on his right-of-access claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Allen James Thomas's complaint, Dkt. 1, is DISMISSED for failure to state a claim.

2. Plaintiff may have until December 3, 2025, to submit an amended complaint that fixes the above pleading problems.

3. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

7. If plaintiff moves while this case is pending, he must promptly inform the court of his new address. If plaintiff fails to do this and defendant or the court cannot locate him, this case may be dismissed.

8. The clerk of court is directed to send plaintiff copies of the court's nonprisoner complaint form.

Entered October 31, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge